■ In the Matter of J. DOUGLAS TROST, Appellant, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Special Term properly dismissed the proceeding as untimely. Even if we were to interpret the statutory scheme of the Election Law most favorably to the petitioner, the proceeding was not timely instituted. The board of elections was required to complete the canvass of primary election returns "within one hundred twenty hours from midnight of the day upon which the primary election is held" (Election Law, § 270, subd 1). The board of elections failed to comply with this statutory requirement and did not complete the canvass and file in its office its tabulated statement until September 23, 1977, 15 days after the primary election. This proceeding was not instituted until September 30, 1977. The petition seeks relief pursuant to subdivision 2 of section 330 of the Election Law which mandates that a proceeding brought thereunder be instituted within 10 days of the primary election. Thus the Legislature allowed an aggrieved candidate five days from the date of the completion of the canvass by the board of elections to start a proceeding under subdivision 2 of section 330 of the Election Law. Even assuming, without deciding, that the petitioner had five additional days from the date of the completion of the canvass by the board of elections in which to bring this proceeding, his action was not timely. (Appeal from order of Erie Supreme Court—Election Law.) Present—Marsh, P. J., Dillon, Hancock, Goldman and Witmer, JJ. (Decided Oct. 7, 1977.)

■ In the Matter of BOB LILY, Appellant, v EDWARD J. MAHONEY et al., Constituting the Erie County Board of Elections, Respondents.—Judgment unanimously reversed, without costs, and petition granted. Memorandum: Petitioner appeals from the dismissal of his CPLR article 78 proceeding brought to annul a decision of the respondents which invalidated 702 signatures on his independent nominating petition with the result that petitioner was disqualified as an independent candidate for the office of Mayor in the City of Buffalo. The respondents' basis for invalidating the signatures was that the signators, who concededly were duly qualified under section 138 of the Election Law, when they signed the petition prior to its filing on August 25, 1977, became retroactively disqualified by virtue of subdivision 10 of section 138 of the Election Law by voting in the subsequent primary election which was held on September 8, 1977. Subdivision 10 of section 138 of the Election Law provides that the signature of a person may not be counted on an independent nominating petition "if such person voted at a primary election where a candidate was nominated for an office for which such petition purports to nominate a candidate". No objection was made to the petition by the board of elections pursuant to subdivision 1 of section 330 of the Election Law or by anyone else until September 27, 1977 when the petition was rejected by respondents. We do not accept respondents' interpretation of section 138 of the Election Law. The criteria provided by this section for persons who are qualified to sign independent nominating petitions are those that must exist on the date the petition is signed. It is not disputed that the petition was valid when filed on August 25, 1977. The signatures were not invalidated by the subsequent actions of the signators. (Appeal from judgment of Erie Supreme Court—Election Law.) Present—Marsh, P. J., Dillon, Hancock, Goldman and Witmer, JJ. (Decided Oct. 7, 1977.)