■ In the Matter of KHUSHRO GHANDI et al., Appellants, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, Respondents.—Order unanimously reversed, without costs, and petition granted for the reasons stated in *Matter of Lily v Mahoney* (59 AD2d 823). (Appeal from order of Erie Supreme Court—Election Law.) Present—Marsh, P. J., Dillon, Hancock, Goldman and Witmer, JJ. (Decided Oct. 7, 1977.)

■ In the Matter of JAMES F. DOHERTY, Respondent, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, Appellant; JERRY VOSKERICHIAN et al., Respondents; RICHARD F. OKONIEWSKI et al., Respondents-Appellants and HERBERT L. BELLAMY, Appellant. (Appeal No. 1.)—Order unanimously modified and petition granted as to all respondents in accordance with same memorandum as in *Matter of Doherty v Mahoney* (59 AD2d 824) and, as modified, affirmed, without costs. (Appeal from order of Erie Supreme Court—Election Law.) Present—Marsh, P. J., Moule, Dillon, Hancock and Goldman, JJ. (Decided Oct. 11, 1977.)

■ In the Matter of JAMES F. DOHERTY, Respondent, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, Appellant; JERRY VOSKERICHIAN et al., Respondents; GEORGE K. ARTHUR et al., Appellants. (Appeal No. 2.)—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: We agree with Special Term's determination that there was showing of irregularities in sufficiently large "number to establish the probability that the result would be changed by a shift in, or invalidation of, the questioned votes" to warrant a new primary election *(Matter of Ippolito v Power,* 22 NY2d 594, 597, 598; *Matter of Santucci v Power,* 33 AD2d 517, affd 25 NY2d 897.) There is no authority, however, for the court's direction that the new election for these three city-wide offices of councilman at large be limited to three council districts or to only two of the seven candidates *(Santucci v Power, supra; Matter of Branagan v Todd,* 19 AD2d 337, affd 13 NY2d 888; see Election Law, § 330, subd 2). Reliance on *Matter of Daubner v Dinkins* (33 NY2d 649) for such an order is misplaced (see *Matter of Silver v Feuer,* 35 NY2d 758, 760). Accordingly, the new election should include all seven candidates and be held city-wide. (Appeal from order of Erie Supreme Court —Election Law.) Present—Marsh, P. J., Moule, Dillon, Hancock and Goldman, JJ. (Decided Oct. 11, 1977.)